UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD DECARLO BAKER,

    Petitioner,

v.

                              CASE NO. 2:09-11596
                              HONORABLE PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

THOMAS K. BELL,

    Respondent.

_____/

### OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Leonard DeCarlo Baker, ("petitioner"), presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for third-degree criminal sexual conduct, M.CL.A. 750.520d(1)(a). For the reasons stated below, the application for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Petitioner was convicted of the above offense following a bench trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant befriended the victim, a 15-year-old female, in February 2006. The victim was stranded alone in the Detroit area and defendant provided her with drugs, cigarettes, and food. Thereafter, defendant took the victim to a motel room where they smoked crack cocaine. While in the motel room, defendant kissed the victim.

1

The victim testified that defendant then pushed her on the bed and pulled down her pants. She felt defendant's penis between her "butt cheeks" and he "entered once" in the anus. In response to defendant's conduct, the victim screamed, pulled up her pants, and ran to the lobby of the motel.

Although defendant argues that the victim's testimony lacked credibility and that she has a reputation for lying, questions of credibility are properly resolved by the trier of fact. Therefore, we will not second-guess the victim's credibility. Additionally, although corroboration of a complainant's testimony is unnecessary to secure a CSC conviction, Travis Hancock corroborated much of the victim's recitation of events. Hancock testified that, on the night in question, he observed the victim, sad and crying in the lobby of the motel, approach him and ask for money to call her mother. According to both the victim and Hancock, defendant followed the victim into the lobby and stopped her from making the telephone call. The victim then ran to a nearby White Castle restaurant, where she succeeded in calling home. Defendant and Hancock followed the victim.[1] The victim's testimony was also corroborated by her father, who testified about the telephone calls the victim made to his home on the night in question.

*People v. Baker,* No. 272246, * 1-2 (Mich.Ct.App. December 11, 2007)(internal citations omitted).

Petitioner's conviction was affirmed on appeal. *Id;, lv. den.* 480 Mich. 1189, 747 N.W.2d 283 (2008).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Defendant was denied the right to the effective assistance of counsel when counsel failed to present exculpatory evidence and denied defendant the right to testify.

II. There was insufficient evidence at trial to support the guilty verdict when there was no physical and/or medical evidence to support the conviction, and the victim's testimony cannot be seen as credible.

III. Defendant is entitled to resentencing because the statutory sentencing guidelines were mis-scored as to the offense variables, which affected the statutory sentencing guideline range.

---

[1] While Hancock and defendant were following the victim to the White Castle, defendant stated that the victim was a "freak," and after he found her he planned to take her back to the motel room to "fuck her." (Footnote original).

2

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions

3

be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state

courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III. DISCUSSION

#### A. Claim # 1. The ineffective assistance of trial counsel claim.

Petitioner first contends that he was deprived of the effective assistance of trial counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder,* 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Richter,* 131 S. Ct. at 792). The Supreme Court's holding in

*Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 129 S. Ct. at 1420 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)).

Because of this doubly deferential standard, the Supreme Court has indicated that:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is

6

whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S. Ct. at 788.

Finally, this Court is aware that "[R]eliance on 'the harsh light of hindsight' to cast doubt on a trial that took place" over five years ago "is precisely what *Strickland* and AEDPA seek to prevent." *Harrington v. Richter*, 131 S. Ct. at 789.

Petitioner first alleges that his trial counsel was ineffective for denying him the right to testify on his own behalf. In rejecting petitioner's claim, the Michigan Court of Appeals held:

> In this case, there is no indication in the record that defendant ever expressed a desire or intent to testify during trial. Only at sentencing did defendant complain that he was denied the right to testify. Defendant, speaking on his own behalf, claimed that he had initially agreed not to testify due to his attorney's concern over his "gift to gabs." Defendant claimed that he changed his mind during trial and repeatedly requested that he be allowed to testify, but defense counsel denied his requests. Defense counsel stated in response that he had never denied defendant the right to testify, and that the decision not to testify was defendant's alone.
>
> Defendant's self-serving statements at sentencing were not made under oath and are inadequate to support his claim that he was improperly denied the right to testify. There is no basis on which we can conclude that defense counsel's advice to defendant regarding whether he should testify was anything but sound trial strategy. Moreover, defendant has failed to establish how the admission of his own testimony would have supported a different outcome in the case.

*Baker,* Slip. Op. at * 3 (internal citations omitted).

A federal court sitting in habeas review of a state court conviction should have "a strong presumption that trial counsel adhered to the requirements of professional conduct and left the final decision about whether to testify with the client." *Hodge v. Haeberlin*, 579 F. 3d 627, 639 (6th Cir. 2009)(internal citation omitted). To overcome this presumption, a habeas petitioner must present record evidence that he or she somehow alerted the trial court to his or her desire

7

to testify. *Id.* Because the record is void of any indication by petitioner at the time of trial that he wished to testify, petitioner has not overcome the presumption that counsel left the final decision to testify to petitioner. Because petitioner has failed to make a substantial showing that counsel prevented him from testifying on his own behalf, petitioner's claim must fail. *See e.g. Pagani-Gallego v. U.S.*, 76 Fed.Appx. 20, 23 (6th Cir. 2003).

Moreover, petitioner has failed to show that he was prejudiced by counsel's alleged denial of his right to testify. Petitioner has merely stated that he would have testified on his own behalf, without providing any details of his proposed testimony, which is insufficient to establish prejudice based upon counsel's allegedly deficient advice concerning whether he should testify or not. *Hodge,* 579 F. 3d at 641 (defendant did not demonstrate prejudice required to establish claim of ineffective assistance of counsel based upon defense counsel's alleged impairment of his right to testify at capital murder trial where defendant did not provide details about substance of his testimony and merely speculated that his testimony would have had impact on jury's view of certain witnesses' credibility and of his involvement in murders).

Petitioner next alleges that defense counsel was ineffective for failing to present exculpatory evidence and to call several potential witnesses, such as the motel clerk, the 911 dispatcher, a White Castle employee, and hospital personnel. The Michigan Court of Appeals rejected this claim, on the ground that petitioner had failed to identify the particular witnesses who would testify for him and failed to show that his trial counsel was aware of any potentially exculpatory witnesses. Moreover, because petitioner failed to provide any information regarding these alleged witnesses, the Michigan Court of Appeals concluded that there was no basis on which to find that defense counsel's failure to call them was ineffective. *Baker,* Slip.

Op. at * 4.

Petitioner has failed to provide this Court with any affidavits from these witnesses concerning their proposed testimony and willingness to testify on the petitioner's behalf. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Petitioner also failed to present any evidence to the state courts concerning the proposed testimony of these witnesses or whether they would be willing to testify on his behalf. By failing to present any evidence to the state courts in support of his ineffective assistance of claim, petitioner is not entitled to an evidentiary hearing on this ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle,* 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

Petitioner next claims that counsel was ineffective for failing to introduce into evidence the sheets, towels and washcloths recovered from the motel room. Petitioner indicates that while these items would not have exonerated him, the items would "have shown nothing to inculpate him."

A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams,* 376 F. 3d 520, 527 (6th Cir.

2004)(internal quotation omitted). As petitioner himself admits, the sheets, towels and washcloths recovered from the motel room "are not exclupatory points." *Id.* Counsel was therefore not ineffective in failing to present this evidence.

Petitioner finally contends that defense counsel was ineffective for failing to introduce into evidence a recording of his statement to the police, which he claims would exculpate him of the crime. In rejecting this claim, the Michigan Court of Appeals noted that a defendant's own out-of-court statement is inadmissible hearsay if it is offered by the defendant to prove the truth of the matter asserted. *Baker,* Slip. Op. at * 4.

Under Michigan law, a defendant's self-serving hearsay statements are properly excluded from evidence. *See People v. Compton,* 23 Mich. App. 42, 45; 178 N. W. 2d 133 (1970); *See also People v. Jensen,* 222 Mich. App. 575, 581; 564 N.W. 2d 192 (1997); *vacated in part on other grds,* 456 Mich. 935; 575 N.W. 2d 552 (1998)(defendant's statement that she did not tell victim that she was positive for human immunodeficiency virus (HIV) because she was afraid he might kill her, and was afraid that he would not leave the room until he and defendant had sex, was offered to support defendant's claims of lack of consent and duress, rather than offered against defendant, in trial for having knowledge that she was HIV- positive and engaging in sexual penetration without informing her partner of her HIV status, and thus was properly excluded as hearsay); *People v. Porter,* 1999 WL 33453363, * 2 (Mich.App. March 16, 1999)("it is well-settled that a criminal defendant may not place his exculpatory out-of-court statement into evidence"). Because petitioner's allegedly exculpatory statement to the police would have been inadmissible hearsay evidence and there is nothing in petitioner's pleadings which show that petitioner's out-of-court statement to the police would have been

admissible as a present sense impression, an excited utterance, or any of the other exceptions to Michigan's hearsay rule, counsel was not ineffective in failing to attempt to introduce petitioner's statement to the police into evidence. *See e.g. Ryder v. Kerns*, 335 Fed. Appx. 529, 537 (6th Cir. 2009). Petitioner is not entitled to habeas relief on his first claim.

### B. Claim # 2. The insufficiency of evidence claim.

Petitioner next alleges that there was insufficient evidence to convict him of third-degree criminal sexual conduct.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324, n. 16. The *Jackson* standard applies to bench trials, as well as to jury trials. *See e.g. U.S. v. Bronzino,* 598 F. 3d 276, 278 (6th Cir. 2010).

More importantly, a federal habeas court may not overturn a state court decision that

rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* No. --- S.Ct. ----, 2011 WL 5118826, * 1 (U.S. October 31, 2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992); *See also Butzman v. U.S.,* 205 F. 2d 343, 349 (6th Cir. 1953)(in a bench trial, credibility of witnesses is a question for trial judge). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F. 3d 780, 788 (6th Cir.2003). The Court does not apply the reasonable doubt standard when determining the sufficiency of evidence on habeas review. *Walker v. Russell*, 57 F. 3d 472, 475 (6th Cir. 1995).

To prove third-degree criminal sexual conduct, the prosecution must prove that the defendant engaged in sexual penetration with a person at least 13 years of age, but under 16 years of age. *See People v. Starks*, 473 Mich. 227, 235; 701 N.W. 2d 136 (2005). Because an underage minor cannot legally consent to sexual penetration with another person, proof of sexual penetration of an underage child automatically constitutes third-degree criminal sexual conduct. *Id.* Under Michigan law, sexual penetration is any intrusion, however slight, of any

part of a person's body or any object into the genital or anal openings of another person's body. *See People v. Hammons,* 210 Mich. App. 554, 557; 534 N. W. 2d 183 (1995); *See also Bower v. Curtis,* 118 Fed. Appx. 901, 905 (6th Cir. 2004).

In the present case, the victim testified that petitioner inserted his penis between her "butt cheeks" and "entered once" into her anus. The victim testified that she was fifteen years old at the time of the incident. The victim's testimony was sufficient to permit a rational trier of fact to conclude beyond a reasonable doubt that petitioner was guilty of third-degree criminal sexual conduct.

Petitioner claims that the evidence was insufficient because the victim's testimony was not believable and was uncorroborated. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is therefore generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

Additionally, the fact that the victim's testimony was uncorroborated does not render the evidence in this case insufficient. The testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F. 2d 1142, 1144-1145 (6th Cir. 1985). The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's sexual assault conviction. *See United States v. Howard,* 218 F. 3d 556, 565 (6th Cir. 2000)(citing *Gilbert v. Parke,* 763 F. 2d

821, 826 (6th Cir. 1985)). The victim's testimony that petitioner sexually penetrated her and that she was fifteen years old at the time of the assault was sufficient to sustain petitioner's third-degree criminal sexual conduct conviction, notwithstanding the lack of physical evidence to corroborate the victim's testimony. *See O'Hara v. Brigano,* 499 F. 3d 492, 500 (6th Cir. 2007).

In this case, petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the finder of fact. Petitioner is therefore not entitled to habeas relief on this claim. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

**C. Claim # 3. The sentencing guidelines claim.**

Petitioner lastly claims that the trial court erroneously assessed ten points against him under Offense Variable 10 of the Michigan Sentencing Guidelines for exploitation of a vulnerable victim.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Robinson v. Stegall,* 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner's claim that the sentencing guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. *See Cook v. Stegall,* 56 F. Supp. 2d 788, 797

(E.D. Mich. 1999).

Petitioner further alleges that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt when scoring his sentencing guidelines.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. N.J.*, 530 U.S. 466, 490 (2000)).

Petitioner is not entitled to habeas relief on his claim. *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence within a minimum and maximum sentence. *See People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (2004); *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set a minimum sentence." *Drohan*, 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (2003) (citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool*, 470 Mich. at 730. Therefore, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in *Blakely*. *Drohan*, 475 Mich. at 164.

The holding in *Blakely* is inapplicable to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Blakely*, 542 U.S. at 304-05, 308-09. The holdings in *Apprendi* and *Blakely* do not apply to a judge's factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *See also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010)(the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). As noted by the Sixth Circuit, "[T]he Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence." *Arias v. Hudson*, 589 F.3d 315, 317 (6th Cir. 2009)(citing *McMillan v. Pennsylvania*, 477 U.S. 79 (1986))(emphasis original). Because Michigan's sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due-process rights or his right to a jury trial. *Montes*, 599 F. 3d at 497. Petitioner is not entitled to habeas relief on any *Blakely* claim. *Id.*

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate

whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

IV. **CONCLUSION**

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: 11-16-11